UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATILDE SANTANA,

        Plaintiff,

v.                                      Case No: 6:20-cv-1157-WWB-LRH

TELEMUNDO NETWORK GROUP
LLC, NBCUNIVERSAL MEDIA, LLC and
COMCAST CORPORATION,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss (Doc. 19) and Plaintiff's Response in Opposition (Doc. 20). For the reasons stated below, Defendants' Motion will be granted in part.

**I.    BACKGROUND**

Plaintiff, Matilde Santana, began working as an account executive at a broadcast station in August 2000, which was subsequently acquired by Defendant Telemundo Network Group LLC ("**Telemundo**") in February 2018. (Doc. 1, ¶¶ 8–9). Plaintiff alleges that Defendant Comcast Corporation is one of Telemundo's parent corporations and that Defendant NBCUniversal Media, LLC ("**NBCUniversal**") is both a parent company and handles Telemundo's human resources work. (*Id.* ¶¶ 13, 17).

While employed by Telemundo and its predecessor, Plaintiff's supervisor, Anibal Soto, allegedly made numerous "sexual advances, comments, and jokes" towards Plaintiff, including making comments regarding her buttocks and breasts. (*Id.* ¶¶ 20–23). Plaintiff also alleges that Soto inappropriately touched her on at least one occasion. (*Id.*

¶ 24). Plaintiff alleges that Soto's superior was aware of and encouraged his behavior toward Plaintiff and other female employees. (*Id.* ¶¶ 30–31).

In October 2018, Plaintiff took medical leave from work for a scheduled spinal surgery. (*Id.* ¶ 48). While she was on leave, Soto continued to make harassing comments to Plaintiff and required her to perform work activities. (*Id.* ¶¶ 54–55). As a result of Soto's continued sexual harassment and pressure for Plaintiff to continuing working while out of the office on medical leave, Plaintiff sent complaints to Telemundo and NBCUniversal. (*Id.* ¶¶ 56–57). Telemundo investigated Plaintiff's allegations in 2019 and concluded that no discrimination had occurred. (*Id.* ¶¶ 58, 65). Plaintiff returned to work on June 25, 2019, where she alleges that she was subjected to further sexual harassment by Soto, hostility from Soto, his superior, and other employees, and an unwarranted warning regarding her work performance. (*Id.* ¶¶ 66, 72–73, 77–78, 80). As a result, Plaintiff filed a Charge of Discrimination on October 28, 2019, (Doc. 1-1 at 2), and subsequently brought this suit against Defendants alleging sexual discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act ("**FCRA**"), Fla. Stat. § 760.01 *et seq.*, (*see generally* Doc. 1).

## II.    LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the

complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.   DISCUSSION

Defendants argue that the Complaint (Doc. 1) should be dismissed in its entirety as a shotgun pleading. In the alternative, Defendants argue that Plaintiff has failed to allege a claim for retaliation or successor liability against Telemundo.

#### A.   Shotgun Pleading

"The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)). "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted). As such, "[w]hen presented with a

shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Defendants argue that the Complaint runs afoul of the first and second categories of shotgun pleadings. With respect to the first type of shotgun pleading, Defendants' argument, which fails to cite any supporting legal authority, misses the mark. Plaintiff does incorporate all of the factual allegations into each count, but she has not incorporated each count into the successive counts. Though this creates some confusion between the

issues, it does not render it virtually impossible to determine what allegations support what claims for relief or to frame a responsive pleading. *Isaac v. United States*, 809 F. App'x 595, 598 (11th Cir. 2020).

As to the second type of shotgun pleading, Defendants argue that the Complaint contains immaterial facts, pleads only a formulaic recitation of the elements of the claims asserted, and fails to provide sufficient detail in her factual allegations. As an initial matter, Plaintiff may plead facts that develop a full picture of her claim and are related to actionable conduct even where those instances of conduct might not be actionable themselves, and the inclusion of such information, even if immaterial, does not necessitate dismissal. *See Williamson v. Travelport, LP*, 953 F.3d 1278, 1299 (11th Cir. 2020). Additionally, Plaintiff has done more than plead a formulaic recitation of the elements of her claims and has provided sufficiently detailed factual allegations to overcome the relatively low bar for shotgun pleadings. Thus, while the Complaint may benefit from further refinement, it is not an impermissible shotgun pleading subject to dismissal.

    **B.**    **Failure to Plead Retaliation**

Next, Defendants argue that Counts II and IV, which assert claims for retaliation in violation of Title VII and the FCRA respectively, fail to state a claim. "Discrimination claims, whether brought under Title VII . . . or the FCRA, are subject to the same standards of proof and employ the same analytical framework." *Valentine Ge v. Dun & Bradstreet, Inc.*, No. 6:15-cv-1029-Orl-41GJK, 2017 WL 347582, at *4 (M.D. Fla. Jan. 24, 2017) (quotation omitted). Accordingly, the Court will consider both counts together.

Title VII prohibits an employer from retaliating against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). "To state a claim for retaliation under Title VII, a plaintiff must allege the following elements: (1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse action." *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013). "Although [the] plaintiff 'need not plead a prima facie case to survive dismissal,' the allegations in h[er] complaint 'must be sufficient to raise a right to relief above the speculative level[.]'" *Quach v. Paragon Sys. Inc.*, No. 1:15-cv-750-RWS-RGV, 2015 WL 13719674, at *6 (N.D. Ga. Oct. 28, 2015) (quoting *McCullough v. Bd. of Regents of the Univ. Sys. of Ga.*, 623 F. App'x 980, 983 (11th Cir. 2015)).

Here, Plaintiff alleges that she participated in protected activity when she made allegations of sexual harassment and discrimination on April 11, 2019, and participated in an investigation regarding her claims. (Doc. 1, ¶¶ 57–65). These allegations satisfy the first prong. *See Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1144 (11th Cir. 2020) ("The making of informal complaints or the use of an internal grievance system is protected conduct under the opposition clause.").

Plaintiff further alleges that as a result of her complaints she was denied a reasonable accommodation, was delayed in returning to work and subjected to negative comments regarding her dedication to the job, was treated with hostility and ignored by her superiors, and had improper adjustments made to her accounts to bring her below

6

the required productivity and performance standards for her job. (Doc. 1, ¶¶ 67–73, 77–78). "[M]istreatment based on retaliation for protected conduct . . . is actionable whether or not the mistreatment rises to the level of a tangible employment action, but only if the mistreatment well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 861 (11th Cir. 2020) (quotation omitted). "[T]his retaliation standard protects employees more broadly—and is more easily satisfied—than the standard applicable to claims of discrimination." *Id.* (citation omitted). Viewing Plaintiff's allegations in the light most favorable to her, the Court finds that Plaintiff has adequately alleged a materially adverse employment action at this stage of the proceedings. *See Zachary v. Comprehensive Health Mgmt., Inc.*, No. 8:12-cv-530-T-33AEP, 2012 WL 3264899, at *3 (M.D. Fla. Aug. 9, 2012); *Medina v. United Christian Evangelistic Ass'n*, No. 08-22111-CIV, 2009 WL 653857, at *7–8 (S.D. Fla. Mar. 10, 2009).

Nevertheless, Plaintiff has not adequately pleaded a causal connection. In her Complaint, Plaintiff alleges that the adverse actions took place in close proximity to the time when Defendants became aware of her discrimination complaints. (Doc. 1, ¶ 101). However, the allegations are conclusory and lack factual support elsewhere in the Complaint. To be clear, Plaintiff has not alleged that the relevant decision-makers were aware of her protected activity and she has failed to allege sufficient facts regarding temporal proximity. *See Glover v. Donahoe*, 626 F. App'x 926, 931–32 (11th Cir. 2015). Accordingly, Counts II and IV will be dismissed.

### C. Failure to Plead Successor Liability

Lastly, Defendant Telemundo argues that Plaintiff has failed to allege that it is liable for any conduct that occurred before its acquisition of Plaintiff's prior employer in February 2018. In response, Plaintiff argues that she is only seeking to hold Telemundo directly liable for conduct that occurred after it became her employer in 2018. Based on the allegations of the Complaint and the attached Charge of Discrimination (Doc. 1-1), it appears clear that Plaintiff is not attempting to allege liability against Telemundo for conduct that occurred prior to November 1, 2018. Therefore, Telemundo has not adequately stated a basis for dismissal in this respect.

### IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (Doc. 19) is **GRANTED in part** and Counts II and IV of the Complaint (Doc. 1) are **DISMISSED without prejudice**. In all other respects, the Motion is **DENIED**.

2. On or before **March 1, 2021**, Plaintiff may file an amended complaint to correct the deficiencies noted in this Order. Failure to timely file an amended pleading in accordance with this Order may result in the dismissal of Counts II and IV with prejudice and without further notice.

**DONE AND ORDERED** in Orlando, Florida on February 22, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record