UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATILDE SANTANA,

        Plaintiff,

v.                                      Case No: 6:20-cv-1157-WWB-LRH

TELEMUNDO NETWORK GROUP
LLC, NBCUNIVERSAL MEDIA, LLC and
COMCAST CORPORATION,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss (Doc. 35). Plaintiff did not file a response in opposition and the time for doing so has now passed. For the reasons stated below, the Motion will be granted.

### I.    BACKGROUND

Plaintiff, Matilde Santana, began working at a broadcast station in August 2000 that was later acquired by Defendant, Telemundo Network Group LLC ("**Telemundo**"), in February 2018. (Doc. 31, ¶¶ 8–9). Plaintiff is an account executive. (*Id.* ¶ 9). Plaintiff alleges that Defendant, Comcast Corporation ("**Comcast**"), is one of Telemundo's parent corporations and that Defendant, NBCUniversal Media, LLC ("**NBCUniversal**"), is both a parent company and handles Telemundo's human resources work. (*Id.* ¶¶ 13, 17).

While employed by Telemundo and its predecessor, Plaintiff's supervisor, Anibal Soto, allegedly made numerous "sexual advances, comments, and jokes" towards Plaintiff, including comments regarding her buttocks and breasts. (*Id.* ¶¶ 20–23). Plaintiff also alleges that Soto inappropriately touched her (*Id.* ¶¶ 22, 24–25) and that Soto's

superior was aware of and encouraged his behavior toward Plaintiff and other female employees. (*Id.* ¶¶ 30–31).

In October 2018, Plaintiff took medical leave from work for a scheduled spinal surgery. (*Id.* ¶ 49). Plaintiff alleges that while she was on leave, Soto continued to make harassing comments and required her to perform work activities. (*Id.* ¶¶ 54–55). In response, on December 3, 2018, Plaintiff sent a cease and desist letter to Telemundo and NBCUniversal stating that the company was in violation of the Family Medical Leave Act ("**FMLA**"). (*Id.* ¶¶ 56–57). On April 11, 2019, Plaintiff sent a second letter to Telemundo and NBCUniversal alleging sexual discrimination. (*Id.* ¶ 58). Telemundo investigated Plaintiff's allegations and concluded that no discrimination had occurred. (*Id.* ¶¶ 59, 67).

Plaintiff returned to work on June 25, 2019, where she alleges that she was subjected to hostility from Luis Roldan, Mr. Soto's boss, and other employees, denied reasonable access to the building, and had her work performance unreasonably adjusted to fall below the required productively level. (*Id.* ¶¶ 30, 68, 75–85). As a result, on October 28, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("**EEOC**"). (Doc. 1-1 at 1–2; Doc. 31, ¶ 88). The EEOC issued a Notice of Right to Sue and, thereafter, Plaintiff brought this suit against Defendants alleging sexual discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("**Title VII**")*,* 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act ("**FCRA**"), Fla. Stat. § 760.01 *et seq.* (Doc. 1-2 at 1; Doc. 31, ¶¶ 95–124).

**II.     LEGAL STANDARD**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009) (citing *Mills v. Foremost Ins. Co.*, 511 F.3d 1300 (11th Cir. 2008)). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. 544).

### III.   DISCUSSION

On February 22, 2021, this Court granted Defendants' first Motion to Dismiss (Doc. 19) in part and dismissed Plaintiff's retaliation claims with leave to amend. (Doc. 29 at 8). Therein, the Court noted, with respect to Plaintiff's retaliation claims, that she had "not adequately pleaded a causal connection" between the protected activity and the adverse employment action because she failed to allege "that the relevant decision-makers were

aware of her protected activity and she has failed to allege sufficient facts regarding temporal proximity." (*Id.* at 7). In all other respects, the Motion was denied. (*Id.* at 8). Defendants now move to dismiss Plaintiff's Amended Complaint (Doc. 31) because Plaintiff has failed to correct the noted deficiencies with respect to alleging a causal connection. Specifically, Defendants argue that Plaintiff has still failed to identify the relevant decision-makers or allege that they were aware of her protected activity.

To establish a causal connection, a plaintiff must show that the decision-makers who were responsible for the adverse employment action were aware of the protected conduct and that the protected activity and the adverse actions were not wholly unrelated. *See Greene v. Ala. Dep't of Revenue*, 746 F. App'x 929, 932 (11th Cir. 2018) (citation omitted). "A causal connection may be inferred when there is a close temporal proximity between the protected activity and the adverse action, '[b]ut mere temporal proximity, without more, must be very close.'" *Id.* (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)).

In the Amended Complaint, Plaintiff again alleges that after she engaged in protected activity she was denied a reasonable accommodation, was delayed in returning to work and subjected to negative comments regarding her dedication to the job, was treated with hostility and ignored by her superiors, was denied reasonable access to the building, and had improper adjustments made to her accounts to bring her below the required productivity and performance standards for her job. (Doc. 31, ¶¶ 69–70, 72–73, 75, 77, 80–81, 83–85). Nevertheless, Plaintiff has again failed to provide anything more than conclusory allegations regarding a causal connection. Specifically, Plaintiff fails to allege when she requested a reasonable accommodation, from whom, and if that person

had knowledge of her protected activity. Likewise, Plaintiff does not allege who was responsible for delaying her return to work or when the requests for documentation were made; who made negative comments regarding her dedication to her job, what knowledge that individual had regarding her protected activities, or when such comments were made; what "superiors" instructed other employees to treat her poorly or what knowledge those persons had; what knowledge regarding her protected activity Roldan had or when his purported conduct took place; who was responsible for replacing Plaintiff's access card and what knowledge regarding her protected activity that individual possessed; and finally, who was responsible for adjusting Plaintiff's performance statistics, when that action was taken, or what that person or persons knew regarding her protected activity. Plaintiff's allegations regarding her "superiors" or "Defendants'" knowledge are nothing more than threadbare, conclusory recitations of the elements, which is patently insufficient to meet the pleading burden. (*Id.* ¶¶ 107, 109, 122, 124).

Finally, to the extent that Plaintiff relies solely on temporal proximity to infer a causal connection, her Amended Complaint fails to allege a sufficiently close temporal nexus between her protected activity and the adverse actions. The Amended Complaint alleges that Plaintiff returned to work two months after she made her complaint of discrimination and participated in the internal investigation,[1] when the majority of the allegedly adverse actions occurred. (*Id.* ¶¶ 58–59, 68). Courts have found similar time gaps insufficient to infer a causal connection based on temporal proximity alone. *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1328 (11th Cir. 2020) (holding that a period of fifty-

---

[1] The Amended Complaint fails to allege when the investigation began or concluded, accordingly the Court assumes that it occurred shortly after her April 11, 2019 letter.

eight days between the filing of an EEOC complaint and an adverse employment action was not sufficient, standing alone, to establish causation and noting that "even when the disparity is only two weeks, [the Eleventh Circuit] ha[s] suggested that such proximity is probably insufficient to establish pretext by itself" (quotation omitted)); *see also Faircloth v. Herkel Invs. Inc.*, 514 F. App'x 848, 852 (11th Cir. 2013) ("A period as long as one month between a protected activity and an adverse action is not too protracted to infer causation based on temporal proximity; a three-month period between a protected activity and an adverse action, though, cannot alone establish causation."). Accordingly, the Amended Complaint fails to allege a causal connection between the adverse employment action and the protected activity.

Furthermore, Plaintiff will not be granted additional attempts to state her retaliation claims. "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Plaintiff has not moved for leave to amend, requested such leave from this Court, or even responded to the Motion to Dismiss. Furthermore, Plaintiff has had ample opportunity to state her claims and has, with respect to the dismissed claims, failed to do so. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not [ ] allow an amendment [ ] where there has been . . . repeated failure to cure deficiencies by amendments previously allowed."). Accordingly, this Court will not grant Plaintiff leave to further amend her pleading.

## IV. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss (Doc. 35) is **GRANTED** and Counts II and IV of the Amended Complaint (Doc. 31) are **DISMISSED without prejudice**.

**DONE AND ORDERED** in Orlando, Florida on August 5, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record