UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:20-cv-01157-WWB-LRH

MATILDE SANTANA, an individual,

    Plaintiff,

v.

TELEMUNDO NETWORK GROUP LLC, a Delaware limited liability company; NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company; and COMCAST CORPORATION, a Pennsylvania corporation,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE AND RESPONSE TO NON-PARTIES', LUIS I. ROLDAN AND SANDRA CUBA, MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA**

Plaintiff, MATILDE SANTANA, hereby moves to strike and responds to Non-Parties', Luis Roldan ("Roldan") and Sandra Cuba ("Cuba") (together "Witnesses"), Motion for Protective Order and/or Motion to Quash ("Motion").

As a threshold matter, the Motion exceeds 500 words, in violation of this Court's standing Order, and should be stricken. Further, and even more troublesome, Roldan and Cuba are represented in this matter, directly adverse to Ms. Santana's interests, by Irizarry Mendez PL, where John Dill, Defendants' "star" witness and former attorney of Ms. Santana, practices (**Exhibit A**). This conflict of interest mandates that Mr. Irizarry must be disqualified, and the Motion should be stricken. *See* Florida Rules of Professional Conduct 4-1.9, 4-1.10.

**Motion to Strike and Response to Non-Parties' Roldan and Cuba,**
**Motion for Protective Order and/or Motion to Quash Subpoenas**
*Matilde Santana v. Telemundo Network Group LLC, et. al.*
CASE NO.: 6:20-cv-01157-WWB-LRH

To support their motion to dismiss for alleged witness intimidation, Defendants subpoenaed Witnesses to testify. *See In re Brican Am. LLC Equip. Lease Litig.*, 977 F.Supp.2d 1287, (S.D. Fla. 2013) ("[i]n most cases, witness tampering is established by the testimony of an individual who has actually been threatened, intimidated, or bribed by an accused"); *Miranda v. Sweet Dixie Melon Co.*, 2009 U.S. Dist. LEXIS 45755, at *4 (M.D. Ga. June 1, 2009) ("[a]ffidavit testimony is typically converted to admissible form by having the affiant give oral testimony at trial").

Now, however, in what appears to be a coordinated attempt to deprive Ms. Santana of her due process rights of cross-examination, Witnesses' counsel, mere days before the hearing, filed their Motion, to which Defendants have not objected. Defendants would benefit from the Motion if the Court declares Witnesses unavailable due to untested allegations, which would require prejudging a portion of Defendants' motion to dismiss, *to wit*: that their unavailability is Ms. Santana's fault.

Plaintiff, therefore, objects to the Motion to the extent Defendants would argue that Witnesses' out-of-court statements, in the form of affidavits, are now admissible at the hearing on their motion to dismiss. This bootstrapping end-around of evidentiary requirements would be a clear violation of Ms. Santana's due process rights. *EvaBank v. Baxter*, 278 B.R. 867 (N.D. Ala. 2002) ("[t]rial by affidavit does not comport with 'due process'"); *U.S. v. Palermo*, 410 F.2d 468 (7th Cir 1969) (even when there is an actual threat, a witness must still testify).

Notwithstanding that the text cannot be reasonably interpreted as witness intimidation and the affidavits are inadmissible hearsay, Witnesses' affidavits themselves are suspect as nothing corroborates their alleged fear from the text. For example, when

2

**Motion to Strike and Response to Non-Parties' Roldan and Cuba,
Motion for Protective Order and/or Motion to Quash Subpoenas**
*Matilde Santana v. Telemundo Network Group LLC, et. al.*
CASE NO.: 6:20-cv-01157-WWB-LRH

previously subpoenaed for deposition, Roldan never made any statement of fear to testify; only that he was not given enough notice (**Exhibit B**). Obviously, Witnesses are not in such fear as they both signed affidavits, and Cuba regularly posts to social media regarding her whereabouts. *See* **Exhibit C**. These are not actions consistent with persons in actual fear or subject to actual witness intimidation. *See Shaw v. Illinois*, 390 U.S. 129 (1968) (threat must be actual).

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this Motion complies with the Court's Standing Order on Discovery as it contains 494 words, as determined in accordance with the terms thereof.

*/s/Mahra Sarofsky*
Mahra Sarofsky, Esq.

**Motion to Strike and Response to Non-Parties' Roldan and Cuba,
Motion for Protective Order and/or Motion to Quash Subpoenas**
*Matilde Santana v. Telemundo Network Group LLC, et. al.*
CASE NO.: 6:20-cv-01157-WWB-LRH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the cm/ecf system of their shareholders, officers, directors, employees, agents, principals, predecessors, successors and assigns, on this 18th day of January 2022, on all counsel or parties of record.

Respectfully submitted,

*/s/Mahra Sarofsky*
Jeremy E. Slusher, Esq.
Florida Bar No. 145769
jes@slusherandrosenblum.com
Mahra Sarofsky, Esq.
Florida Bar No. 33637
mcs@slusherandrosenblum.com
Daniel A. Miller, Esq.
Florida Bar No. 91804
dam@slusherandrosenblum.com
**SLUSHER & ROSENBLUM P.A.**
444 W. Railroad Avenue, Suite 470
West Palm Beach, FL  33401
Telephone:   (561) 814-2020
Facsimile:   (561) 557-4598
*Attorneys for Non-Party, Dominick Cicale*