# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATILDE SANTANA,

     Plaintiff,

    v.                                                  Case No.:  6:20-cv-01157-JSS-LHP

TELEMUNDO NETWORK
GROUP, LLC, NBCUNIVERSAL
MEDIA, LLC, AND COMCAST
CORPORATION,

     Defendants,

## ORDER
(And Direction to Clerk of Court)

Before the Court is a Notice of Claim of Attorney's Charging Lien and Retaining Lien, filed by Robin Bresky, Esq.[1] of the law firm of Schwartz Sladkus Reich Greenberg Atlas LLP ("SSRGA"), which Attorney Bresky states represented Plaintiff on a prior appeal in this case.  Doc. No. 204.  Although filed as a "Notice," the filing seeks various forms of affirmative relief from the Court, including: (1) a determination that Plaintiff is indebted to SSRGA; (2) a determination that SSRGA has a valid charging lien; (3) entry of a charging lien and retaining lien in favor of SSRGA on any recovery obtained in this matter; (4) an award of fees to SSRGA in

---

[1] The filing is signed by Robin Bresky, Esq., but it was actually docketed by Jonathan Mann, Esq.  Doc. No. 204.

-1-

connection with collection efforts; and (5) an order allowing SSRGA to receive copies of pleadings in this case until the charging and retaining liens have been adjudicated and satisfied in full.   *Id.* at 3–4.   The filing has been construed as a motion and referred to the undersigned for disposition.   Upon consideration of same, to the extent that the filing is a motion, it is due to be denied without prejudice.

First, to the extent a motion, the filing is due to be denied for failure to comply with the Local Rules.  It does not contain a Local Rule 3.01(g) certification.  Nor does it include a memorandum of legal authority as required by Local Rule 3.01(b).

Second, to the extent that counsel for SSRGA seeks to adjudicate the validity of a charging or retaining lien at this juncture, the request appears to be premature, given that litigation in this matter is ongoing.  *See, e.g.*, *Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-cv-309-FtM-66NPM, 2020 WL 7318956, at *2 (M.D. Fla. Dec. 11, 2020) ("Until the Court adjudicates actual damages, the Court finds any fee entitlement under a charging lien is premature." (citing *Envtl. Biotech, Inc. v. Sibbitt Enters., Inc.*, No. 2:03-cv-124-FtM-33SPC, 2006 WL 3162346, *2 (M.D. Fla. Nov. 2, 2006))); *Nersesian v. Pier 1 Imports (U.S.), Inc.*, No. 2:19-cv-25-FtM-99NPM, 2019 WL 13251052, at *2 (M.D. Fla. Oct. 1, 2019) ("At this time, the Court finds that any fee entitlement under a charging lien is premature until such time as there is an adjudication of actual damages to attach a charging lien against."); *see also Bruton v.*

*Carnival Corp.*, 916 F. Supp. 2d 1262, 1268–69 (S.D. Fla. 2012) ("It is not enough to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services." (quoting *Mitchell v. Coleman*, 868 So. 2d 639, 641 (Fla. Dist. Ct. App. 2004)).[2]

Third, even if not premature, the filing provides insufficient information for the Court to adjudicate the validity of any charging or retaining lien at this juncture, particularly without any evidence of any fee agreement or invoices as referenced in the motion. *See generally Aldar Tobacco Grp., LLC v. Am. Cigarette Co.*, 577 F. App'x 903, 906 (11th Cir. 2014) (cited as persuasive authority) ("A charging lien requires four elements: first, a valid contract, express or implied, between the attorney and client; second, an understanding between the parties that payment is dependent upon recovery or that payment will come from the recovery; third, the client's attempt to avoid payment of the fees or a dispute as to the amount involved; and fourth, timely notice of the lien." (citation omitted)); s*ee also In re Beverly Mfg. Corp.*, 841 F.2d 365, 368 (11th Cir. 1988) ("Under Florida law . . . an attorney must have possession of his client's property in order to establish a retaining lien.").

---

[2] The undersigned notes that on July 16, 2026, the mediator in this matter filed a Mediation Report stating that the matter has resolved. Doc. No. 205. As of the writing of this Order, however, no further action has been taken on this document.

That said, it appears that the issue of a charging lien and/or retaining lien may appropriately be adjudicated in this Court at a later stage of the proceedings. *See generally Bruton*, 916 F. Supp. 2d at 1266 (S.D. Fla. 2012) (explaining that a court could have supplemental or ancillary jurisdiction over a Florida charging lien proceeding). And to the extent that SSRGA was merely attempting to provide notice of its charging and/or retaining liens, the filing (Doc. No. 204) shall stand. *Cf. Aldar Tobacco Grp., LLC*, 577 F. App'x at 906 ("Petersen gave timely notice of the charging lien because he filed the lien before the lawsuit had been reduced to settlement.").

For these reasons, to the extent that the Notice of Claim of Attorney's Charging Lien and Retaining Lien (Doc. No. 204) is a motion seeking affirmative relief from the Court, it is **DENIED without prejudice** at this time. However, the filing (Doc. No. 204) shall otherwise stand as a Notice. Based thereon, the Clerk of Court is **DIRECTED** to add Schwartz Sladkus Reich Greenberg Atlas LLP to the docket as an interested party, and ensure that its counsel, Robin Bresky, Esq., receives Notices of Electronic Filings in this case.

**DONE** and **ORDERED** in Orlando, Florida on July 16, 2026.

_____

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

-4-

Copies furnished to:

Counsel of Record